IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melvin Andrew Boggs, | C/A No. 9:26-cv-00772-JFA-MHC |
| Plaintiff, | |
| v. | |
| Max Dorsey, | **ORDER** |
| Defendant. | |

Melvin Andrew Boggs, ("Plaintiff"), proceeding *pro se,* filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the Complaint, the Magistrate Judge assigned to this action notified Plaintiff of pleading deficiencies in his Complaint, specifically that the allegations failed to state a claim. (ECF No. 6). Plaintiff was given 21 days to file an Amended Complaint. Plaintiff failed to file an amended complaint or otherwise respond. Accordingly, the Magistrate Judge conducted a review of the Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, and prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 10). Within the Report, the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Magistrate Judge opines that Plaintiff's claims are subject to summary dismissal because they fail to state a claim upon which relief can be granted. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Report advised Plaintiff of his right to object to the Report, which was entered on the docket on July 9, 2026. *Id.* The Magistrate Judge required Plaintiff to file objections by July 23, 2026. *Id.* Plaintiff failed to file any objections and the time for doing so has elapsed. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates the Magistrate Judge correctly concluded Plaintiff's Complaint is subject to summary dismissal. Accordingly, because Plaintiff failed to amend his Complaint or otherwise respond to the Court, the Report correctly concludes these claims should be dismissed.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 10). Consequently, this action is dismissed without prejudice, without leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

August 11, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

3